126 N.J. Super. 179 (1973)
313 A.2d 234
TIME-DC INC., PLAINTIFF,
v.
TAPPINS INC., DEFENDANT.
Superior Court of New Jersey, District Court, Essex County.
Decided December 12, 1973.
*180 Mr. Richard T. Zimmerman for the plaintiff (Messrs. Kleinberg, Moroney, Masterson & Schechter, attorneys).
Mr. Richard Aloysius Walsh for the defendant (Messrs. Silverman and Walsh, attorneys).
ALBANO, J.D.C.
Plaintiff brought a complaint, in two counts, alleging an amount due on a book account and an account stated. Attached to the complaint and made a part thereof was an invoice in the amount of $2,105.82, representing undercharges for shipments of merchandise.
When the matter came on for trial the parties stipulated the facts and then submitted memoranda of law in support of their respective positions.
The stipulated facts show that plaintiff is a carrier engaged in interstate commerce; defendant requested plaintiff to transport merchandise from Minnesota to New Jersey; plaintiff submitted a bill, paid by defendant, based on an erroneous quotation of prices in a published tariff; and then plaintiff sought to recover the sum lost by its mistake.
There appear to be no cases in New Jersey, but the matter has been decided elsewhere.
Under the Interstate Commerce Act, the rate of a carrier, duly filed, is the only lawful charge. No deviation is permitted from the published rate, and shippers and travelers are charged with its notice. Both must abide by the published *181 rate unless the Commission finds it to be unfair. Further, ignorance or a misquotation of rates is not an excuse for paying or charging less or more than the rate filed. This strict rule embodies the policy adopted by Congress in the regulation of interstate commerce to prevent unjust discrimination. Thus, where there was an undercharge in the sale of a round-trip railroad ticket, where the rate had been published under the Interstate Commerce Act, and where the traveler was not at fault, but the ticket agent had made an error, the Supreme Court of the United States held that the full rate must be paid. Louisville & N.R. Co. v. Maxwell, 237 U.S. 94, 35 S.Ct. 494, 59 L.Ed. 853 (1915).
The rights and duties of a carrier and a shipper, under the Interstate Commerce Act, are for the good of the public and are calculated to protect against secret rebates and discrimination. The published rates are binding on the carrier and the shipper, and the shipper is presumed to have knowledge of them. Union Transfer Co. v. Renstrom, 151 Neb. 326, 37 N.W.2d 383 (Neb. Sup. Ct. 1949).
In a case, not unlike this one, a carrier sought to recover undercharges from a shipper. Shipments had been made and paid for when the carrier discovered it had made erroneous charges. Although the shipper based its product costs on the quoted charges and suffered an economic hardship, the court allowed the carrier to recover with interest from the dates of shipments because the tariff binds the carrier and shipper with force of law and may not be waived. Since the tariff is mandatory, no act or omission of a carrier will estop it from enforcing its applicable provisions. Miller v. Ideal Cement Co., 214 F. Supp. 717 (D. Ct. Wyo. 1963).
From the above it follows that judgment must be entered for plaintiff allowing the undercharge of $2,105.82, with interest from the date of filing of the complaint, and costs.
Judgment accordingly.