301 So.2d 143 (1974)
MOORE MEATS, INC., a Florida Corporation, Appellant,
v.
ALTERMAN TRANSPORT, INC., a Florida Corporation, Appellee.
No. 74-154.
District Court of Appeal of Florida, Third District.
October 8, 1974.
Verne L. Freeland, Miami, for appellant.
Williams, Salomon, Kanner & Damian and Gary S. Brooks, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
HENDRY, Judge.
Appellant, defendant in the trial court, seeks review of an adverse final judgment entered pursuant to a directed verdict, which awarded the plaintiff a total sum of $2,013.22 in an action predicated upon an account due.
The plaintiff, a common carrier, made various shipments of meat to the defendant, a wholesale meat distributor. In its complaint, the plaintiff alleged that $1,799.44 remained due and owing and prayed for a money judgment of that amount plus interest.
The defendant answered the complaint and set forth as affirmative defenses payment, accord and satisfaction and release. In short, the defendant contended that the plaintiff accepted a check for $636.77 as full payment of the account.
*144 At trial, the plaintiff relied on both federal law governing the rate structure set by the Interstate Commerce Commission (49 U.S.C.A. § 317(b)) and state law (Fla. Stat. § 323.19, F.S.A.). The statutes relied upon by the plaintiff are anti-discrimination provisions requiring carriers to charge their customers the same shipping rates.
It was the defendant's position at trial that a dispute occurred between the plaintiff and defendant as a result of spoilage to some of the meat the plaintiff had shipped, and following negotiations between the parties the plaintiff agreed to accept the defendant's reduced payment as satisfaction of its claim.
At the conclusion of the defendant's case and following legal arguments by counsel out of the jury's presence, the trial judge ruled that the law required him to enter a directed verdict on behalf of the plaintiff because the statutes previously cited required that no reduction in rate be extended to the defendant.
However, the court stated that it was granting the motion for a directed verdict without prejudice to the defendant from raising its claim for damages due to spoilage in an independent lawsuit.
The court was concerned that the defendant's claim in this case might be a compulsory counterclaim, and therefore preclude the defendant from raising it at a later time. However, since the defendant mistakenly had raised its claim by way of an affirmative defense, the court ruled that in the interests of justice the defendant was not precluded from again raising its claim for spoilage. See, Florida RCP 1.110(d).
We find no error in the trial court's determination. It is clear that the law does not permit deviation from the established rate charged to shippers. Pyramid Nat. Van Lines v. Goetze, 65 A.2d 595 (D.C.Mun.App., 1949); Time-DC, Inc. v. Tappins, Inc., 126 N.J. Super. 179, 313 A.2d 234 (1973); Chicago, B. & Q.R. Co. v. Ready Mixed Concrete Co., 487 F.2d 1263 (8th Cir.1973). Therefore, the plaintiff was entitled to full payment for its shipping charges.
We also think the trial court quite properly ruled that under the circumstances of this case the defendant could bring an independent action on its claim that goods were spoiled during shipment.
Therefore, for the reasons stated, the judgment appealed is affirmed.
Affirmed.